139 So. 249

### Ex parte POWERS.
### 6 Div. 41.

Supreme Court of Alabama.
Jan. 14, 1932.

W. Marvin Scott, of Cullman, for petitioner.

St. John & St. John, of Cullman, for respondent.

BOULDIN, J.

This is an original mandamus proceeding in this court.

Petitioner filed a bill in equity to enjoin the city of Cullman, its officers and agents, from maintaining a nuisance near the residence of complainant.

The city was maintaining a dump pile for garbage, on lands of its own, but alleged to be so located and maintained as to emit obnoxious odors from decaying animal and vegetable matter to the annoyance and discomfort of complainant and family, as well as a breeding or gathering place for flies and mosquitoes, a menace to health.

A temporary injunction was granted enjoining defendant "from dumping or depositing on the land of defendant mentioned in the amended bill, garbage, refuse, filth and noisome substances, such as cause offensive, disagreeable and unwholesome odors and attract flies, mosquitoes, within such distance from the residence of complainant and in such a manner as will allow such odors and flies and mosquitoes attracted by such substance as to reasonably cause annoyance, molestation and discomfort to the occupants of said residence, and from allowing and permitting the said land of defendant to remain in such condition and state as that the garbage and other obnoxious substances heretofore or hereafter deposited thereon will continue to cause the aforesaid, offensive odors and to attract flies and mosquitoes."

The injunction became effective September 3, 1931. On September 10th, complainant instituted contempt proceedings charging the officers and employees of the city with having violated such injunction.

On October 3d, this proceeding was heard before the trial judge upon oral examination of numerous witnesses. The petition to adjudge respondents guilty of contempt was denied. Thereupon, the instant petition was filed, setting out the entire proceedings in the court below, including the oral evidence on the hearing for contempt, and praying "The premises considered, your petitioner prays that your Honor will grant an order for the issuance of an alternative writ of mandamus or any other remedial writ to which your petitioner might be entitled, commanding and directing the said W. W. Callahan as Judge of the Circuit Court in Equity of Cullman County, Alabama, to forthwith restrain or cause the City of Cullman, its officers, servants, agents and employees from depositing on said dump, garbage, refuse, filth and noisome substances, and from molesting and discomforting your petitioner and the occupants of your petitioner's home by foul and obnoxious odors arising from said dump, and from allowing and permitting the said dump to remain in such condition and state as to cause obnoxious, offensive and stinking odor(s) to arise therefrom and come into the home of your petitioner. And that the said defendants be compelled not to pollute the air on the premises of your petitioner and that said nuisance be abated immediately; or that you cause the said W. W. Callahan to appear before this court on some day to be named in said writ and show cause, if any there be, why a peremptory writ of mandamus should not issue, requiring him to abate the said nuisance and to restrain the defendants from polluting the air on the premises of your petitioner as set out above, and your petitioner prays for any other or further relief to which he may be entitled."

Respondent, Judge Callahan, filed a demurrer stating numerous grounds going to the remedy by mandamus, and the merits of the petition generally; and also filed his answer to the effect that, upon the hearing of the evidence in the contempt proceedings, he was not satisfied that respondents had violated the terms of the injunction, and accordingly declined to hold them in contempt.

We remark, first, that, in so far as we are asked to command the trial judge to issue an injunction to different effect from that in force, no case for mandamus is presented. Any modification of same should be first addressed to the trial judge.

Unless improperly denied, petitioner has nothing to complain of in this court.

Petitioner in argument and brief seems to complain of the finding of the trial judge in the contempt proceeding.

The prayer for mandamus calls in general terms for a command from this court to the trial judge to "restrain" respondents, etc.

But treating this as a mandamus in lieu of an appeal for review of the order discharging respondents in the contempt proceeding, we observe the court issuing the process is, in general, the judge of its violation. Ex parte Hardy, 68 Ala. 303.

We see no occasion here to go into an elaborate discussion of the general supervisory powers of this court, nor of the manner of its exercise in the multiform situations which may arise.

Certainly nothing short of an arbitrary or capricious refusal of the court to enforce its own orders for the protection of litigants pending the suit can call for the intervention of this court.

An examination of the evidence taken orally before the trial judge discloses no such abuse of judicial power, nor disregard of judicial duty. No discussion of the evidence need be indulged.

Mandamus denied.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.